JEDEDIAH MILLER *versus* SETH MILLER *et al.*

The degree of certainty in a description of land, which would be sufficient in a deed of conveyance, would often be insufficient in a legal process.

A petition for partition described the land to be divided as " one fourth of an acre of land on which a saw-mill formerly stood, on a stream of water called by the name of Fall Brook, with the lands on which the log-ways of said mill were laid, " and claimed an undivided moiety as conveyed to the petitioner by deed dated March 30, 1775, recorded in the registry of deeds and produced in court. It was *held,* that the description of the land was insufficient ; and that the defect was not cured by the reference to the deed.

PETITION for partition. The petitioner set forth, that he was seised in his demesne as of fee, of an undivided moiety of " one fourth of an acre of land on which a saw-mill form-erly stood, on a stream of water called by the name of Fall Brook, with the lands on which the log-ways of said mill were laid, together with the dam across said stream, and the privilege of the water thereof, and the appurtenances to said lands and tenements belonging, which said lands and tenements are situate in said Middleborough, and said dam is the same dam by means of which a head of water was former-ly raised for the working of the Fall Brook Furnace ; and that

he claimed such moiety as conveyed to him by Joan Miller, by deed dated March 30, 1775, recorded in the registry of deeds and produced in court.

Thompson Miller, one of the respondents, after oyer of the deed, (which conveys to the petitioner " one half part of the saw-mill and dam on Fall Brook, with one half part of the stream and of all the privileges and utensils to said mill belonging, with the privilege of going to and from the saw mill on Fall Brook, so called, through gates and bars as now trod, and from said mill to the county road leading to Rochester, always reserving a way to the west road through gates and bars,") demurred to the petition, and assigned the follow ing, among other causes : that the petitioner had not alleged with sufficient certainty, the quantity of the land mentioned in such petition, nor set forth any metes or boundaries, nor described the land with such certainty as is required by law, or in such manner as would enable commissioners to divide the same.

*Oct. 22d.*

T. *Miller* and S. *Miller* junior, for the respondents, cited Archbold's Dig. 113 ; 1 Chitty on Pl. (1st. edit.) 260 ; *Dow* v. *Plowman*, 1 East, 441.

*Eddy*, for the petitioner, cited *Mitchell* v. *Starbuck*, 10 Mass. R. 5 ; *Baring* v. *Nash*, 1 Vesey & Beames, 551.

*May term 1835, at Plymouth.*

SHAW C. J. delivered the opinion of the Court. Upon demurrer to the petition for partition, the Court are of opinion, that the description is too indefinite and uncertain to be the basis of a judgment. This description is, about a quarter of an acre of land, on which the saw-mill formerly stood, &c.; it designates no close, and does not specify on which side of the old mill site the land lies. The degree of certainty sufficient in a deed of conveyance, would often be insufficient in a legal process, because in the former, an indefinite description may be made good by evidence *aliundè*. For this reason, the reference made to a deed given to the petitioner sixty years ago, as well as for the obvious one, that in such a length of time, the local objects and circumstances may have greatly changed, cannot help this uncertainty.

Reasonable certainty is necessary in a petition for partition, to enable the respondent to traverse the petitioner's seisin, to

enable the Court to decide how partition shall be made, and to enable commissioners, after an interlocutory judgment, to ascertain the estate to be divided.

*Demurrer sustained.*